# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES--GENERAL**

Case No.  **CV 25-0021-JPR**                                                  Date: **February 11, 2025**

Title: **Jardine Gougis v. Yvonne Ardestani et al.**

===============================================================

**DOCKET ENTRY: Order to Show Cause re Supplemental Jurisdiction and Warning re Failure to Prosecute**

===============================================================

PRESENT:

**HON. JEAN P. ROSENBLUTH, U.S. MAGISTRATE JUDGE**

| Bea Martinez | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:           ATTORNEYS PRESENT FOR DEFENDANTS:
None present                                                                 None present

**PROCEEDINGS: (IN CHAMBERS)**

The Complaint in this action asserts a claim for injunctive relief arising out of an alleged violation of the Americans With Disabilities Act, 42 U.S.C. §§ 12101-12213; a claim for damages under the Unruh Civil Rights Act, Cal. Civ. Code §§ 51–53; and other state-law claims.  The sole basis for jurisdiction over the Unruh Act claim is supplemental jurisdiction under 28 U.S.C. § 1367(a).  The Court may decline to exercise supplemental jurisdiction for the reasons delineated in § 1367(c).  See Arroyo v. Rosas, 19 F.4th 1202, 1211–14 (9th Cir. 2021) (holding that district courts may decline supplemental jurisdiction over ADA-based Unruh Act claims because of "very substantial threat to federal-state comity" presented by plaintiffs' use of federal courts to evade California's Unruh Act reforms).

This Court has a sua sponte obligation to confirm that it has subject-matter jurisdiction.  Nevada v. Bank of Am. Corp., 672 F.3d 661, 673 (9th Cir. 2012) ("[I]t is well established that 'a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action.'" (quoting Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) (per curiam))).

To assist the Court in that duty, Plaintiff is **ORDERED to SHOW CAUSE** in writing as to why this Court should exercise supplemental jurisdiction over the Unruh Act claim and the other state-law claims alleged in the Complaint.  The response to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

| | |
|---|---|
| Case No.:  **CV 25-0021-JPR** | February 11, 2025 |
| **Gougis v. Ardestani et al.** | Page 2 |

---

the Order to Show Cause must include (1) the amount of statutory damages sought under the Unruh Act and (2) sufficient facts for the Court to determine whether Plaintiff or Plaintiff's counsel meet the definition of a "high-frequency litigant" as defined in California Code of Civil Procedure section 425.55(b)(1) & (2).  These facts must be set forth in declarations signed under penalty of perjury.

     The response must be filed no later than 14 days from the date of this Order.  Failure to timely or adequately respond to this Order to Show Cause may, without further warning, result in the dismissal of the entire action without prejudice or the Court's declining to exercise supplemental jurisdiction over the Unruh Act and other state-law claims and dismissal of those claims under § 1367(c).  Relatedly, Plaintiff is warned that failure to comply with any court orders or applicable rules throughout the pendency of this case may also result in this case being dismissed for failure to prosecute.

MINUTES FORM 11                                                                         Initials of Deputy Clerk: bm
CIVIL-GEN